```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

VERNON L. BROOKS,              )
                               )
    Plaintiff,                 )
                               )    Civil Case No. 11-CV-425-JMH
v.                             )
                               )
KENTUCKY COMMUNITY TECHNICAL   )
COLLEGE, *et al.*,             )    **MEMORANDUM OPINION & ORDER**
                               )
    Defendants.                )

\*\*\*

This matter is before the Court upon Defendants' Motion to Dismiss [DE 11] in which they argue, among other things, that any claims brought by Plaintiff are barred by the applicable statute of limitations. Plaintiff, proceeding pro se, has filed a Response [DE 13], and Defendants have filed a Reply [DE 14]. The Court is adequately advised, and this motion is ripe for decision. Having carefully considered the Motion to Dismiss Plaintiff's claims, it will be granted for the reasons stated below.

**I.   Standard of Review**

Rule 12(b)(6) provides that this Court may dismiss claims for failure to state a claim upon which relief can be granted. In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face". *Ashcroft v.*

*Iqbal*, 556 U.S. 672, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) (holding that the pleadings were deficient because plaintiffs' assertions were merely legal conclusions, unsupported by factual matter, and were not entitled to a presumption of truth). However, where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 557). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). Though the court will accept factual allegations as true, "a legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient" to support a claim to relief. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Hensley Mfg. v. ProPride, Inc.*, 579 F. 3d 603, 609 (6th Cir. 2009).

## II. Discussion

Statutes of limitations set forth the time limits for bringing a claim for a wrong allegedly committed by one party

2

against another. Once the time for filing suit under the applicable statute of limitations has expired, an aggrieved party's claim or claims may be dismissed under Fed. R. Civ. P. 12(b)(6) if the allegations in the complaint affirmatively show that the claim is time barred. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

In order to correctly evaluate Plaintiff's claims under the appropriate statutes of limitations, the Court must first identify the facts averred in the Complaint and legal authority for Plaintiff's claims. Brooks avers that, for a time, he was enrolled as a student in a class at K.C.T.C.S. which was taught by Defendant Chittenden. While Plaintiff's Complaint does not set forth the particulars of the events which led him to seek relief from this Court, he does complain that "[o]n March 4, 2008[, he] was harassed, verbal, discriminated against, and overall Mr. Chittenden used physical contact on Mr. Brooks while on school property." Plaintiff avers that he complained of these actions to K.C.T.C.S., but he never received a response as required by an unidentified provision of the student code of conduct.

Brooks' averment that he was discriminated against is a legal conclusion for which he offers no factual basis. The only facts averred which are not couched as legal conclusions are that Defendant Chittenden presumably had some sort of verbal

3

altercation and unwelcome physical contact with Plaintiff Brooks in March 2008, that Brooks complained of that contact to the administration at K.C.T.C.S., and that the K.C.T.C.S. administrators did not respond to his complaint as required by the student code of conduct. The Court considers only these factual averments in analyzing the legal grounds upon which Plaintiff claims that relief is due.

With respect to the legal basis for his Claim, Plaintiff claims that K.C.T.C.S. neither showed concern for him nor made attempts "to resolve the problem." As a result, he avers that Defendant Chittenden and Defendant K.C.T.C.S. "have failed to give [him] a fair and proper education, also failing to follow their procedures as written in the student code of conduct," that they have denied him "a fair chance of obtaining a proper degree," and have generally denied him "equal opportunity." In the only count of his complaint, he specifies that he was harmed because "K.C.T.C.S. failed to recognize or establish some type of action taken toward the plaintiff Mr. Brooks' request on March 4, 2008."

On these averments, Plaintiff first claims relief under "242, 245, 248, 18-19 U.S.C." However, there exists no Title 242, 245, or 248 of the United States Code, and Plaintiff has identified no private right of action to proceed under Title 18 of the United States Code (which concerns crimes and criminal

4

procedure) or Title 19 of the United States Code (which concerns customs duties). Rather, the Court understands Plaintiff's averment that Defendant K.C.T.C.S. "failed to recognize or establish some type of action taken toward the plaintiff Mr. Brooks' request" to be an allegation that he was denied procedural due process because it can be read in the context of his earlier averment that K.C.T.C.S. had "failed to give [him] a fair and proper education, also failing to follow their procedures as written in the student code of conduct." 42 U.S.C. § 1983 is the statutory vehicle for asserting a claim that the state has violated one's right to procedural due process under the fourteenth amendment.

Additionally, Brooks' Complaint cites state statutes which make it unlawful to commit harassment, make harassing communications, or loiter. However, Plaintiff avers only that Defendant Chittenden "used physical contact on" him and presumably injured him on or about March 4, 2008. He does not aver facts suggesting that he actually intends to pursue a claim under KRS 525.080, the provision of the Kentucky Penal Code which prohibits criminal harassing communications, or KRS 525.090, the provision of the Kentucky Penal Code which prohibits criminal loitering. Accordingly, the Court will consider whether he could state a claim for the civil equivalent of a violation of KRS 525.070, the portion of the Kentucky Penal

5

Code which prohibits rioting, disorderly conduct, and related offenses, including harassment.[1] Specifically, the Court considers whether he could state a claim for common law battery under KRS 446.070, which provides that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

Any claims as described above are doomed to fail because Plaintiff has waited too long to bring his claim or claims – even if they were otherwise appropriately pleaded – from the time of his injury. A cause of action under 42 U.S.C. § 1983 accrues when a plaintiff knows or has reason to know of the injury which is the basis of the § 1983 action. *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). Once a claim under § 1983 accrues, the statute of limitations expires one year later. *Wilson v.* Garcia, 471 U.S. 261, 262 and 275-76 (1985) (relevant state statute of limitations for personal injury actions should be borrowed for § 1983 claims); *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996); *Collard v. Kentucky Board of Nursing,* 896 F.2d 179, 182 (6th Cir. 1990) (holding that § 1983 actions in Kentucky are limited by the one-year statute of limitations

---

[1] While Plaintiff does not mention a claim for personal injury due to the physical contact allegedly made by Defendant Chittenden in the sole count of his Complaint, the Court considers it out of an abundance of caution.

6

found in KRS 413.140(1)(a)). Further, with respect to any personal injury claim under the law of the Commonwealth of Kentucky, one's claims must be brought within one year of the date upon which "the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." KRS 413.140(1)(a). Those claims not brought within the time period of the statute of limitations are lost.

Plaintiff clearly avers that Defendants injured him on or about March 4, 2008. Thus, one of the few things that can be taken from his scanty complaint is that over three years passed from the time of the incident of which Plaintiff complains to when he filed his Complaint. In other words, he knew or had reason to know of his injury, assuming it could be the basis for a claim under any of the above-listed claims, more than three years prior to filing suit in this Court. He was obliged to bring his claims within a year. His claim or claims are, thus, untimely and must be dismissed.

### III. Conclusion

For all of the reasons stated above, the Defendants' Motion to Dismiss is well-taken and will be granted.

Accordingly, **IT IS ORDERED:**

(1) that Defendant's Motion to Dismiss [DE 11] is **GRANTED**; and

(2) that a judgment will issue in a separate order.

This the 19th day of July, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge